# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2017, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John A. Henry
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.S., <br> *Appellant-Respondent,* <br><br> v. <br><br> C.B., <br> *Appellee-Petitioner* | March 29, 2017 <br><br> Court of Appeals Case No. 29A05-1609-PO-2131 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Gail Z. Bardach, Judge <br><br> Trial Court Cause No. 29D06-1607-PO-6308 |

**Vaidik, Chief Judge.**

# Case Summary

[1] This is an appeal from the issuance of a protective order that, among other things, prohibits the respondent from possessing firearms during the two-year term of the order. Indiana's Civil Protection Order Act provides that a trial court issuing a protective order "may" include a firearm prohibition, but the trial court that issued the order in this case made comments suggesting that it included the prohibition because it mistakenly believed that it was **required** to do so. Therefore, while we affirm the trial court's decision to issue a protective order, we reverse the imposition of the firearm prohibition and remand this matter for clarification regarding that provision.

# Facts and Procedural History

[2] In July 2016, C.B. filed a petition seeking a protective order against her ex-boyfriend, M.S., alleging that he had engaged in acts of "domestic or family violence." The trial court issued an ex parte order and then, following a request by M.S., set the matter for a hearing. At the hearing, C.B. testified about several things that had happened during her relationship with M.S., including a conversation about whether M.S. would move out of their house. During the conversation, C.B. was sitting at a table, and M.S. "threw a chair" toward the table, coming "[w]ithin a few inches" of hitting C.B. Tr. pp. 20-21. C.B. acknowledged that the chair did not actually hit her but testified that M.S. exhibited "enough anger and violence to scare me." *Id*. at 22. Based on this act, the trial court found that the order "has a legal basis" and "will remain in

effect as it was originally issued." *Id*. at 33.[1] The court continued, "And because [C.B.] and [M.S] resided together in an intimate relationship, I have to add to the order for protection a firearms prohibition." *Id*. Accordingly, the written order that took the place of the ex parte order includes a provision prohibiting M.S. "from using or possessing a firearm, ammunition, or deadly weapon" during the two-year term of the order ("firearm prohibition"). Appellant's App. Vol. II p. 8.

M.S. now appeals.

# Discussion and Decision

M.S. contends that the trial court should not have issued the protective order and that, in the alternative, it should not have included the firearm prohibition in the order. Because C.B. has not filed an appellee's brief, M.S. need only demonstrate prima facie error, that is, error "at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

---

[1] C.B. also testified that M.S. choked her during sex, and the trial court found that to be an additional act of violence justifying issuance of the protective order. M.S. disputes that finding, arguing that C.B. consented to the choking. Because we affirm the trial court's finding regarding the throwing of the chair, and because one act of domestic or family violence is sufficient to justify a protective order, we need not address the choking issue.

# I. Issuance of Protective Order

M.S. first argues that the trial court erred by issuing the protective order. We disagree. Indiana's Civil Protection Order Act allows the issuance of a protective order when there has been "domestic or family violence," Ind. Code § 34-26-5-9(a), which includes "[p]lacing a family or household member in fear of physical harm," Ind. Code § 34-6-2-34.5. Here, C.B. testified that she was sitting at a table talking to M.S. about whether he would move out of their house, that M.S. threw a chair toward the table, that the chair came within a few inches of hitting her, and that she was scared as a result. This testimony was easily sufficient to justify the issuance of the protective order.

# II. Inclusion of Firearm Prohibition

M.S. argues that even if we affirm the issuance of the protective order, we should reverse the trial court's inclusion of the firearm prohibition in the order. He takes issue with the trial court's conclusion that "because [C.B.] and [M.S.] resided together in an intimate relationship, I **have to** add to the order for protection a firearms prohibition." Tr. p. 33 (emphasis added). M.S. asserts that this language indicates that the trial court was operating under the impression that it was required to impose the firearm prohibition because M.S. and C.B. had been in an intimate relationship and that this belief was mistaken. We agree.

Presumably, the trial court based its conclusion on 18 U.S.C. § 922(g)(8), which, generally stated, provides that "[i]t shall be unlawful for any person"

who is subject to an order protecting a current or former "intimate partner" to possess any firearm or ammunition. However, the fact that this federal criminal statute prohibits firearm possession by an individual like M.S. does not mean that a state trial court issuing a protective order is **required** to include the same prohibition in the order. Indeed, Indiana's protective-order statute simply says that a trial court issuing such an order "**may** . . . [p]rohibit a respondent from using or possessing a firearm, ammunition, or a deadly weapon[.]" Ind. Code § 34-26-5-9(c)(4) (emphasis added); *see also id*. at (f). Because there is no clear indication in the record before us that the trial court would have included the firearm prohibition in the protective order but for its apparent belief that it was required to do so, we must reverse the imposition of the prohibition and remand this matter for reconsideration in light of the particular facts of this case.

[8] We recognize, especially in light of the federal statute, that chances are good that the trial court will leave the firearm prohibition intact on remand. Also, we assume that M.S. will abide by the federal statute and refrain from possessing firearms regardless of what the trial court does. At the same time, however, if the trial court were to omit the prohibition from the protective order, M.S. would be exposed to only federal criminal prosecution in the event that he chooses to possess a firearm, and not to additional state prosecution for violating the protective order (*see* Ind. Code § 35-46-1-15.1, invasion of privacy). Given this prospect, clarification of the issue by the trial court, in accordance with the discretionary nature of Section 34-26-5-9(c)(4), is appropriate.

Affirmed in part, reversed in part, and remanded.

Bradford, J., and Brown, J., concur.